UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CMC TELECOM, INC., et al.,

    Plaintiffs,

v.

MICHIGAN BELL TELEPHONE
COMPANY, et al.,

    Defendants.
_____/

Hon. Paul L. Maloney

Case No. 1:07-cv-00319

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned by the Honorable Paul L. Maloney for report and recommendation as to how the case should proceed after the Sixth Circuit reversed the Court on Count One of Plaintiffs' claim. A status conference was held on May 6, 2011 (Dkt. 46). It was apparent to the undersigned that the parties had very divergent opinions as to the procedural posture of the case, and thus the parties were ordered to brief the issue (Dkt. Nos. 47 and 53). Hearing was held on July 28, 2011 (Dkt. 61). At the hearing, the parties were in agreement that the liability part of Count One should be remanded to the Michigan Public Service Commission immediately for entry of an order consistent with the Sixth Circuit's opinion. Therefore, the undersigned recommends that remand occur immediately.

The parties disagreed about the procedural posture of the damages portion of the Count One, found in Plaintiffs' Amended Complaint (Dkt. 7). Specifically in dispute was whether Michigan Bell Telephone Company a/k/a AT&T Michigan had preserved its right to bring a

Fed.R.Civ.P. 12(b)(6) motion to dismiss or not.  It was AT&T's position that that issue had been preserved.  It was Plaintiff CMC Telecom, Inc.'s position that it had not, and that AT&T had waived its right to bring a 12(b)(6) motion by its failure to comply with any motion filing deadline in the court's Case Management Order (Dkt. 17). The undersigned, in reliance on the language of the parties' joint status report (Dkt. 15) and in further reliance on the Court's original Case Management Order (Dkt. 17), concluded that it had been the intention of the Court to bifurcate the damages issue and the liability issue, and that AT&T had not waived its right to bring a Rule 12(b)(6) motion on the damages portion of Count One of Plaintiffs' Amended Complaint.  Thus, the undersigned held a Rule 16 Conference on that issue.

The undersigned recommends that the district judge order that the matter continue as follows:

1.	The case shall proceed in this forum in accordance with the Amended Case Management Order entered on August 5, 2011 (Dkt. 62).

2.	The court shall entertain and grant a contemplated motion to dismiss the Michigan Public Service Commission on the basis that it has no further stake in this matter; and finally

3.	As stipulated by the parties, the district judge shall remand the liability portion of Count One to the Michigan Public Service Commission for entry of an order consistent with the Sixth Circuit Court of Appeals Opinion and Judgment (Dkt. 40).

Respectfully submitted,

Date:  August 18, 2011            /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge

-3-

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).